IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CONN J. MALONEY,                    )
                                    )      Civil No. 09-1411-PK
            Petitioner,             )
                                    )
      v.                            )
                                    )      FINDINGS AND RECOMMENDATION
BRIAN BELLEQUE,                     )
                                    )
            Respondent.             )

      Kendra M. Matthews
      Ransom Blackman LLP
      1001 S.W. Fifth Avenue, Suite 1400
      Portland, Oregon  97204

            Attorney for Petitioner

      John R. Kroger
      Attorney General
      Jonathan W. Diehl
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97301

            Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Conn J. Maloney brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for rape, sexual abuse, using a child in a display of sexually explicit conduct and sodomy. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus [21] should be denied, and Judgment should be entered dismissing this action with prejudice.

<u>**BACKGROUND**</u>

On July 6, 1999, the Clatsop County Grand Jury returned an indictment charging Maloney with fifteen (15) counts of Rape in the First Degree, five (5) counts of Sodomy in the First Degree, thirty-one (31) counts of Sexual Abuse in the First Degree, two (2) counts of Using a Child in a Display of Sexually Explicit Conduct and two (2) counts of Attempted Sexual Abuse in the First Degree. Respondent's Exhibit 102. The trial court granted judgment of acquittal as to three of the Sodomy in the First Degree counts and a jury found Maloney not guilty as to one count of Sodomy in the First Degree, one count of Sexual Abuse in the First Degree and both counts of Attempted Sexual Abuse in the First Degree.[1] The jury found him guilty on all of the remaining counts and the court imposed a sentence totaling 300. Respondent's Exhibit 101.

---

[1]  Maloney was acquitted on all charges related to alleged victim, "A.V.". Accordingly, the claims at issue in this federal habeas action pertain to victim, "A.J.".

Maloney directly appealed his conviction and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion. <u>State v. Maloney</u>, 185 Or. App. 745, 62 P.3d 886 (2003). Maloney did not seek review by the Oregon Supreme Court. Respondent's Exhibits 103-105.

Maloney next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. <u>Maloney v. Belleque</u>, Marion County Circuit Court Case No. 03C-18093; Respondent's Exhibits 130-132. On appeal, the Oregon Court of Appeals affirmed the PCR trial court without written opinion, and the Oregon Supreme Court denied review. <u>Maloney v. Belleque</u>, 228 Or. App. 367, 208 P.3d 1057 (2009), <u>rev. denied</u>, 347 Or. 258, 218 P.3d 540 (2009); Respondent's Exhibits 133-139.

On November 25, 2009, Maloney filed this action. In his Amended Petition he alleges he was denied effective assistance of trial and direct appellate counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution as follows:

1.  Ground One: Trial counsel failed to move for a continuance in order to investigate information from a report faxed to her office immediately prior to the beginning of the trial that the alleged victim, AJ, was prosecuted in Clark County, and that prosecution, the Clark County Juvenile Department determined that she had "limited capacity to disclose to [her] attorney pertinent facts," her "ability to assist [her] attorney in planning [a] defense is greatly compromised by her conceptual deficit," and that she "cannot realistically challenge prosecution witnesses due to limited receptive skills and a distortion of the facts."

Trial counsel's failure to seek a continuance made it impossible for her to properly investigate this information to determine the grounds for the report, whether admissible evidence could have been derived from it, or whether any preliminary hearing on AJ's competence as a witness should occur.    Given that the entire prosecution turned on the credibility of AJ's testimony, the decision critically undermined Petitioner's defense. The decision fell below the minimum constitutional standard for effective assistance of counsel and it was prejudicial--but for this failure, there is a reasonable probability that the result of the trial would have been different.

2.    Ground Two:  In closing, trial counsel failed to strongly attack the credibility of Tom Stewart even though the state argued that he "had no motive to lie," and that he was one of the "most credible witnesses." Tr. at 538-39. The state's assertion as to Tom Stewart's credibility could have been rebutted, including, but not limited to as follows:

(1)  the witness had a motive to lie simply to make himself appear better after  being a convicted sex offender;

(2)  the witness had motive to lie where his cooperation could be viewed by authorities as a sign of rehabilitation at some later date;

(3)  the witness had motive to lie in order to make his testimony valuable enough to the prosecution so that they would transport him to Oregon to give him a chance to get out of a Washington prison cell for a few days.

(4)  the witness's testimony sought absolution for himself more than anything else.  He discussed such need as a connection to a newfound belief in the Bible.

(5)  The witness testified about his interpretation of events from the skewed perspective of a recently admitted sex-offender who was clearly preoccupied with sexual matters.    This  skewed  perspective  allowed  him  to interpret AJ's kiss of Petitioner as a French kiss even though he also acknowledged that AJ's mother and grandmother were also there to observe such a kiss.  The witness also characterized AJ's actions, as early as seven years old, as "coming on" to him.  The witness also

interpreted AJ's "passing gas" as sexual and tried to blame a mental health counselor named Sarah for not assuring that AJ was under control.   The witness also denied AJ's account of what occurred, denying he offered Jo Jos for sex and claims AJ made sexual advances toward him.  Overall, the witness attempted to claim that he was partially a victim and that AJ, more or less, overpowered him from about the age of 11.   All of Tome Stewart's testimony could easily be viewed as self-serving.

The theory of the defense was that AJ had made up a sexual relationship with Petitioner as a counter-balance to the admitted and adjudicated sexually abusive relationship with her step-father, Tom Stewart.  In light of that, when the state referred to him as one of the most credible witnesses against Petitioner, competent trial counsel would have explicitly pointed out all of the reasons that Tom Stewart was not a credible witness and was motivated to implicate Petitioner.   This would have strongly supported the defense theory.   The failure to strongly dispute the credibility of Tom Stewart during closing argument fell below the minimum constitutional standard for effective assistance of counsel and it was prejudicial-but for this failure, there is a reasonable probability that the result of the trial would have been different.

3.   Ground Three:   Trial counsel failed to object to prosecutorial vouching during closing argument.   In particular, she did not object when the prosecutor made the following assertions during closing argument:

[AJ] was very careful.  She told you when it was too hard to talk about.  She didn't lie, she told you when it was too hard to talk about.

[W]hat reason in the world does this child have to come in here and lie to you?

[Defendant] knew that if somebody ever really asked [A.J.], [A.J.] can't lie.   [A.J.] doesn't have the capacity to lie consistently even if she wanted to.  And [A.J.] is a very honest person.  It just doesn't make any sense.

Tom Stewart, and he's important.   And members of the jury, as big of a creep as this guy is, I would submit to

you he was one of the most credible witnesses that
testified.

Tom Stewart walking out of the carport and catching them
French kissing with [A.J.]'s hand on his crotch.    Tom
Stewart, creepy as he might be, had no reason to come
into court and lie to you about that.  He has no motive
to lie to you.

("He has absolutely no motive to come in here and lie to
you folks.")

Petitioner contends that these statements amounted to
improper vouching and that counsel's failure to object to
them and obtain immediate curative instructions from the
court amounted to ineffective assistance of counsel.
When a case turns on a credibility assessment, this type
of failure is particularly harmful; but for counsel's
ineffective representation in this regard, there is a
reasonable probability that the result of the case would
have been different.

4.    Ground Four:   Appellate counsel failed to properly
preserve Petitioner's rights when he failed to file a
Petition for Review to the Oregon Supreme Court or
otherwise advise Petitioner of his right to do so.

Respondent asks the court to deny relief on the Amended

Petition because:  (1) the ineffective assistance of trial counsel

claim set forth in Ground Two is procedurally defaulted, and the

default is not excused; and (2) all claims were correctly denied on

the merits in a state-court decision entitled to deference.

### DISCUSSION

I.    **Exhaustion and Procedural Default**.

A.    **Standards**.

A habeas petitioner must exhaust his claims by presenting them

to the state's highest court, either through a direct appeal or

collateral proceedings, before a federal court will consider the

merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

7 - FINDINGS AND RECOMMENDATION

B.    **Analysis**.

Petitioner alleges in Ground Two of his Amended Petition that his trial counsel rendered constitutionally ineffective assistance when she failed to strongly attack the credibility of Tom Stewart ("Stewart") during closing arguments by rebutting the prosecutor's assertions that Stewart had no motive to lie and that he was a credible witness.    Notwithstanding Maloney's contention that he presented this claim to the Oregon Supreme Court in his *Pro Se* Supplemental Petition for Review, the court's examination of the record reveals he did not.

First, though there is brief reference in Maloney's supplemental petition to "[t]he vouching of witnesses by the DA," it is apparent the referenced claim focused on A.J.'s credibility and defense counsel's failure to present evidence of her "propensity to delusion."  Respondent's Exhibit 137, pp. 1-2. Moreover, this claim involved allegations that counsel rendered ineffective assistance when she failed to object to the prosecutor's vouching of witnesses, particularly in light of the fact there was no effective disclaimer by either counsel or the court and the prosecutor did not inform the jury her statements were her opinion.  Id.

Ineffective assistance of counsel claims are discreet. Maloney's claim that his counsel rendered ineffective assistance when she failed to object to prosecutorial vouching rests on a

discreet legal theory.    As noted above, Maloney raises this exhausted vouching claim here in Ground Three of his Amended Petition.    However, that claim is not the "substantial equivalent" of Maloney's Ground Two claim that counsel failed to adequately attack Stewart's credibility during closing arguments.    See Picard v. Connor, 404 U.S. 270, 278 (1971).    Presentation of the former does not exhaust the latter.    Accordingly, the court finds Maloney failed to present his Ground Two claim to the Oregon Supreme Court in a procedural context in which its merit was considered and it is now procedurally defaulted.    Maloney does not attempt to excuse his default by proving cause and prejudice, or making a colorable showing of actual innocence.

## II.  **Merits**

### A.    **Standard of Review**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and the petitioner bears the burden of rebutting the presumption of

correctness by clear and convincing evidence. 28 U.S.C. §
2254(e)(1).

A state court decision is "contrary to . . . clearly
established precedent if the state court applies a rule that
contradicts the governing law set forth in [the Supreme Court's]
cases" or "if the state court confronts a set of facts that are
materially indistinguishable from a decision of [the Supreme] Court
and nevertheless arrives at a result different from [that]
precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).
Under the "unreasonable application" clause, a federal habeas court
may grant relief "if the state court identifies the correct legal
principle from [the Supreme Court's] decisions, but unreasonably
applies that principle to the facts of the prisoner's case."
Id. at 413. The "unreasonable application" clause requires the
state court decision to be more than incorrect or erroneous.
Id. at 410. The state court's application of clearly established
law must be objectively unreasonable. Id. at 409.

The Supreme Court has established a two-part test to determine
whether a petitioner has received ineffective assistance of
counsel. First, the petitioner must show that his lawyer's
performance fell below an objective standard of reasonableness.
Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the
difficulties in evaluating counsel's performance, courts must
indulge a strong presumption that the conduct falls within the
"wide range of reasonable professional assistance." Id at 689.

10 - FINDINGS AND RECOMMENDATION

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

A petitioner wishing to bring a Strickland claim based on his appellate attorney's failure to raise a particular claim must not only show that the claim had merit, but must also demonstrate that the omitted claim was "clearly stronger than issues that counsel did present." Smith v. Robbins, 528 U.S. 259, 288 (2000).

B.   **Analysis**

With regard to Maloney's ineffective assistance of trial and appellate counsel claims, The PCR trial court made the following pertinent findings of fact and conclusions of law:

FINDINGS OF FACT

2.    An out-of-state agency apparently produced a report which related to the victim's ability to aid and assist in her own defense, in an unrelated matter. The report was not proffered in this post-conviction proceeding. Petitioner failed to meet his burden of proving both that a continuance would have resulted in the report being admitted into evidence and that it would have damaged the victim's credibility. Under all the circumstances, counsel's decision not to move for a continuance was entirely reasonable.

* * *

11 - FINDINGS AND RECOMMENDATION

24.   Trial counsel's closing argument was adequate.

* * *

33.   Petitioner failed to prove his claim that the trial transcript was incomplete.  This court finds petitioner to be not credible with regard to any of his factual allegations.

* * *

39.   After the Oregon Court of Appeals affirmed his convictions, petitioner himself chose to forego further direct appeal proceedings by advising his appellate attorney not to seek review by the Oregon Supreme Court.

* * *

43.   Petitioner failed to prove his claim that the prosecutor withheld evidence.  The record shows that as soon as the prosecutor was aware of the existence of an out-of-state report relating to one of the victims, that information was conveyed to petitioner's trial counsel.

* * *

47.   There was no evidence that victim AJ's inability to assist in her own defense, in an unrelated out-of-state matter, prevented her from testifying truthfully at petitioner's trial.  Accordingly, the trial court properly denied the new trial motion.

## CONCLUSIONS OF LAW

1.   Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by [ ] the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). . . .

2.   Based on the findings of fact set forth above, in the direct appeal from the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by [ ] the United States Constitution and as articulated

by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). . . . .

\* \* \*

4.    Petitioner did not prove any of his claims by a preponderance of the evidence.

Respondent's Exhibit 131, pp. 2-7.

### 1.    <u>Trial Counsel's Failure to Move for a Continuance to Investigate Report Calling Victim's Competency and Credibility Into Question (Ground One)</u>

Maloney's trial counsel averred that approximately four days before trial the district attorney's office faxed her a one-page report referencing a juvenile proceeding involving A.J. The report suggested a state agency concluded in that juvenile proceeding that A.J. had:

> "limited capacity to disclose to the attorney pertinent facts. . ."; (her) "ability to assist (her) attorney in planning a defense is greatly compromised by her conceptual deficit"; (she) "cannot realistically challenge prosecution witnesses due to limited receptive skills and distortion of facts."

Amended Petition [22], Exhibit 2. According to the prosecutor, the report recommended dropping a delinquency prosecution of A.J. for assaultive behavior at school because of her underlying mental health issues and developmental delays. Respondent's Exhibit 128, pp. 1-2.

Maloney insists counsel's failure to move for a continuance to allow time to investigate this report constituted ineffective assistance because the report offered a legitimate basis to undercut A.J.'s credibility by challenging her ability to perceive,

recall and relay facts. Petitioner's Brief in Support [22], p. 22.
Maloney further argues that counsel's failure prejudiced his case
because "the entire prosecution turned on the credibility of that
witness," and therefore, there is a reasonable probability that but
for counsel's failure, the result of the criminal case would have
been different. *Id.* at 24.

Critically, however, Maloney never produced the underlying
report during his PCR proceedings. Accordingly, even assuming
Maloney could satisfy the first prong of <u>Strickland</u> by showing
counsel's failure to seek a continuance was objectively
unreasonable, he cannot demonstrate prejudice because he never
presented the PCR court with evidence that further investigation
into the report would have made a difference in the outcome of his
trial. As the PCR court found, Maloney failed to meet his burden
of showing that a continuance would have resulted in admission of
the report and produced evidence undermining A.J.'s credibility.
Furthermore, the court notes A.J.'s significant mental defects and
retardation were disclosed to the jury and A.J. testified at trial.

Accordingly, based on the court's careful review of the
record, particularly on the issue of prejudice, it finds that
Maloney cannot demonstrate that the PCR court's denial of his
Ground One ineffective assistance of counsel claim related to
counsel's failure to seek a continuance to further investigate the
subject report, was either contrary to, or involved an unreasonable
application of clearly established Federal law, as determined by

14 - FINDINGS AND RECOMMENDATION

the Supreme Court or that it was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings.

### 2.    Trial Counsel's Failure to Object to Improper Vouching (Ground Three)

Maloney asserts his trial counsel rendered ineffective assistance when she failed to object to the prosecutor's improper vouching of witnesses. Maloney faults counsel with failing to challenge the following statements made by the prosecutor during her closing arguments:

> [A.J.] was very careful. She told you when it was too hard to talk about. She didn't lie, she told you when it was too hard to talk about.

> [W]hat reason in the world does this child have to come in here and lie to you?

> [Maloney] knew that if somebody ever really asked [A.J.], [A.J.] can't lie. [A.J.] doesn't have the capacity to lie consistently even if she wanted to. And [A.J.] is a very honest person. I just doesn't make sense.

> Tom Stewart, and he's important. And members of the jury, as big of a creep as this guy is, I would submit to you he was one of the most credible witnesses that testified.

> Tom Stewart walking out of the carport and catching them French kissing with [A.J.]'s hand on his crotch. Tom Stewart, creepy as he might be, has no reason to come into court and lie to you about that. He has no motive to lie to you.

> He has absolutely no motive come in here and lie to you folks.

Brief in Support [22], pp. 26-27 (citing Transcript [17], pp. 536, 538-39, 549 and 543-44).

15 - FINDINGS AND RECOMMENDATION

A prosecutor can comment on a witness's credibility as long as it does not amount to personal vouching. <u>United States v. Necoechea</u>, 986 F.2d 1273, 1276 (9th Cir. 1993)(vouching is improper when counsel gives the jury personal assurances that the witness is credible). Vouching occurs when the prosecutor places the prestige of the government behind its witness, or when the prosecutor suggests that information not presented to the jury support the witness's testimony. <u>See United States v. Younger</u>, 398 F.3d 1179, 1190 (9th Cir. 2005).

Here, most of the comments cited by Maloney regarding A.J. and Stewart's credibility, particularly viewed in context, constitute fair argument by the prosecutor regarding the reasons the jury should view these witnesses as credible, as opposed to the prosecutor expressing a personal belief in their truthfulness. None of the references cited by Maloney imply that the prosecutor had extra record knowledge of the witnesses's truthfulness. Moreover, trial counsel's failure to object to any improper statement by the prosecutor was not prejudicial in light of the nature of the referenced comments, defense counsel's reminder in her closing arguments that it is up to the jury, not the prosecutor, to decide whether A.J. was truthful or not, and the trial court's instructions to the jury that "[t]he attorneys' statements and arguments are not evidence." <u>See</u> Transcript [17], pp. 566-67 and 579-81. "Such instructions dilute the potential prejudice arising from improper comments." <u>United States v. Koon,</u>

16 - FINDINGS AND RECOMMENDATION

34 F.3d 1416, 1445 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996); see also, Necochea, 986 at 1283 ("Likewise, the vouching that occurred during closing argument was effectively neutralized by the court's instruction that comments by counsel are not evidence.").

Based on the foregoing, Maloney cannot demonstrate the PCR court's denial of this ineffective assistance claim was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court or that it was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings.

**3.** **Appellate Counsel's Failure to File a Petition for Review with the Oregon Supreme Court or to Otherwise Advise Maloney of His Right to so (Ground Four).**

As noted above, the PCR trial court specifically found that

> [a]fter the Oregon Court of Appeals affirmed his convictions, [Maloney] himself chose to forgo further direct appeal proceedings by advising his appellate attorney not to seek review by the Oregon Supreme Court.

Respondent's Exhibit 128, p. 6. Maloney tries to overcome this factual finding by asserting that he wanted a Petition for Review filed, but that counsel failed to consult with him on the subject. Maloney insists it would have been "illogical" for him to waive his right to file a Petition for Review. Brief in Support [22], p. 35. The court is not convinced. Maloney's arguments notwithstanding, appellate counsel averred in an affidavit presented to the PCR

court that he advised Maloney that in his view Maloney had a "minimal chance of success" on direct appeal and that they also discussed the amount of time the direct appeal process would take. Respondent's Exhibit 127, pp. 1-2.   The court finds none of Maloney's arguments sufficient to rebut the PCR court's findings of fact by clear and convincing evidence.   Taking the PCR court's findings as true, Maloney directed his appellate attorney to forego the filing of a Petition of Review.   Therefore, Maloney cannot demonstrate the PCR court's denial of this ineffective assistance of appellate counsel claim was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court or that it was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings.[2]

## RECOMMENDATION

Based on the foregoing, the Amended Petition for Writ of Habeas Corpus [21] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

///

///

///

---

[2]   Furthermore, given Maloney's acknowledgment that "his direct appeal did not identify any issues relating to federal law," he cannot show in these federal habeas proceedings that he was prejudiced by appellate counsel's failure to file a Petition for Review with the Oregon Supreme Court.

18 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge.  Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.  These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

In addition, the district judge should certify that Maloney has not made a substantial showing of the denial of a

constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  This case is not appropriate for appellate review.

DATED this ___19th___ day of September, 2011.

Paul Papak
United States Magistrate Judge

20 – FINDINGS AND RECOMMENDATION